| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 01 C 861 | DATE | 1/22/2003 | |
| CASE TITLE | JEFF WILSON vs. CITY OF CHICAGO | | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs have failed to establish standing to bring the present cause of action, and it is dismissed. Defendant's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 23 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 64 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JAN 22 PM 5:31 U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| JEFF WILSON, GERALD O'SULLIVAN, and LEO CROTTY, ) ) ) | |
| Plaintiffs, ) ) | No. 01 C 0861 |
| v. ) ) | Judge John W. Darrah |
| CITY OF CHICAGO, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Jeff Wilson, Gerald O'Sullivan, and Leo Crotty (collectively "Plaintiffs"), filed suit to enforce the provisions of *Shakman v. Democratic Part of Cook County*, No. 69 C 2145 ("Shakman Decree"). Before the Court is Defendant's, the City of Chicago's (City), Motion to Dismiss the Third Amended Complaint.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If Article III standing is contested, the Court may consider evidence outside of the pleadings. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

A reading of Plaintiffs' Third Amended Complaint supports the following summary of the alleged conduct of the parties.

Plaintiffs are residents of and registered voters in the City of Chicago. Each Plaintiff is or was, at all relevant times, employed by the City as a lieutenant in the Department of Police. Each Plaintiff met all of the qualifications for eligibility for selection as a captain of police in the Department of Police.

In June 1983, the United States District Court for the Northern District of Illinois entered a consent judgment. The 1983 consent judgment references a May 5, 1972 consent judgment between the same parties, stating that the 1972 consent judgment prohibited "the conditioning, basing or affecting any term or aspect of government employment (with respect to persons once hired) upon or because of any political reason or factor." *Shakman v. Democratic Organ. of Cook County*, 69 C 2145, (N.D. Ill. June 20, 1983) ("1983 Decree"). The purposes of the 1983 Decree were to "eliminate the conditioning, basing or affecting of employment with the City of Chicago on political reasons or factors while maintaining the ability of elected officials ... to establish, manage and direct the policies and affairs of the City." The judgment went "no further than to attempt to eliminate political considerations in the hiring of non-exempt Governmental Employees...." The 1983 Consent Decree also stated that the 1972 consent judgment remained in full force and effect. The 1983 judgment represented the disposition as to the City and its mayor, of the claims to which jurisdiction was retained under Paragraph H(1) and H(2) of the 1972 consent judgment.

The 1983 Decree required the City to file a Plan of Compliance to implement the judgment within 120 days of the judgment. The Plan of Compliance may make reasonable provisions, with respect to positions which are to be filled by promotions of persons already employed as employees of the City, for notices to be given only to employees that are eligible for the promotion. An application to enforce the 1983 Decree may be presented by any registered voter.

2

In May 1984, the City filed with the court its Principles for Plan of Compliance With Shakman Judgment ("PPCSJ"). The PPCSJ stated that the "plan will consist of these basic Principles and a comprehensive set of Detailed Hiring Provisions. The Plan will implement and be entirely consistent with the [1983 Decree] ... The Detailed Hiring Provisions will be submitted and implemented over the next 12 months...."

In October 1988, the Detailed Hiring Provision ("DHP") was filed with the court. The DHP provisions were intended to implement the 1983 Decree and the PPCSJ and could be revised by the City at any time. The hiring procedures were to be followed for all positions not exempted from the 1983 Decree and applied to all hiring decisions concerning individuals who are currently not employed by the City as well as to transfer, demotion, promotion, and reclassification decisions involving current City employees.

The DHP provided that certain positions were exempt from the provisions of the 1983 Decree. Positions to be exempt from the decree were positions involving the formulation and implementation of policy where political considerations could be considered in the selection of personnel for such positions consistent with the First and Fourteenth Amendment.

In August 1996, the DHP was amended ("1996 Amendment") to generally incorporate all of the City's collective bargaining agreements. The 1996 Amendment, Section II-4, states, in pertinent part:

> Promotions from a position with a lower grade classification to a position with a higher grade classification, whereby both positions are in the same category, shall exempt from Public Advertising, Posting, and Application and Screening procedures if the only criterion that differentiates the higher classified position from the lower classified position is the period of service in the lower classified position. A job category includes these jobs that are differentiated only by the

3

period of service required.

In April 1999, the City Counsel ratified and adopted a collective bargaining agreement with the Policemen's Benevolent and Protective Association ("PB & PA"), Unit 156, Captains Association (the "CBA"). Article 32 of the CBA restored the position of its Senior Executive Service ("SES"). Eligibility criteria for a SES Captain position included two years of service as a lieutenant at the time of the promotion. Any appointed SES Captain was also required to earn a bachelor's degree by December 31, 2005.

In July 2000, the City announced that vacancies in the position of captain would be filled from among a list of police lieutenants who met certain eligibility standards. These procedures through which the City filled captain positions in December 2000 and January 2001 failed to comply with the *Shakman* provisions.

In Count I, Plaintiffs allege that as a direct and proximate result of the actions of the Defendant, Plaintiffs sustained injury, including lost wages and benefits because they were not promoted to captain. In Count II, Plaintiffs seek a petition for rule to show cause why Defendant ought not be held in contempt of court for failing to comply with the Shakman Decree, the PPCSJ, and the DHP. Prior to filing the Third Amended Complaint, Plaintiffs Crotty and O'Sullivan were promoted to captain. Plaintiff Wilson resigned from his employment with the City, effective July 16, 2002.

Defendant argues that Plaintiffs lack Article II standing to challenge the municipal

employment practices pursuant to the Shakman Decree.[1]

A party has standing to bring an action to enforce the Shakman Decree if that party is a registered voter, *see Shakman v. Democratric Organization of Cook County*, 569 F. Supp. 177,182 (N. D. Ill. 1983); *Shakman v. Democratic Organization of Cook County*, 560 F. Supp. 863, 865 (N.D. Ill. 1983), and can show an injury in fact, a causal connection between the injury and the challenged conduct, and that its injury will be redressed by a favorable decision, *Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2201) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (*Plotkin*); *see also Brennan v. Washington*, 1989 WL 18318 (N.D. Ill. Feb. 24, 1989); *Vrdolyak v. City of Chicago*, 604 F. Supp. 1325, 1330 (N.D. Ill. 1984). Plaintiffs have the burden of establishing standing, and each element of standing must be supported "by more than unadorned speculation". *Plotkin*, 239 F.3d at 885.

In the instant case, Plaintiffs allege that they are registered voters who met the eligibility requirements for selection as a captain in December 2000 and January 2001 but were not selected for such promotions. They allege that the promotion process was in violation of the Shakman Decree, the PPCSJ, and the DHP.

"*Shakman* prohibits only political consideration *which effect voter and candidate rights.*" *Shakman v. Democratic Org. of Cook County*, 356 F. Supp. 1241, 1248 (N.D. Ill. 1972); *see also Herron v. City of Chicago*, 619 F. Supp. 767, 773 (N.D. Ill. 1985) (Shakman judgment "enjoins the defendants from hiring or refusing to hire employees based on political considerations"). In the

---

[1]Plaintiffs do not dispute that Count I of Plaintiffs' Third Amended Complaint should be dismissed because the *Shakman* judgment is a court order that may only be enforced by a petition for a rule to show cause why defendant should not be held in contempt of court, as alleged in Count II. Accordingly, Count I is dismissed.

instant case, Plaintiffs have not pled that the challenged promotion practice adversely affected their rights as voters or candidates. Furthermore, Plaintiffs do not allege that political considerations were at the heart of the promotion process. Instead, the Plaintiffs allege that they were denied a promotion because certain procedures were not followed. Accordingly, Plaintiffs have failed to establish an injury in fact to their rights as voters to bring an action to enforce the Shakman Decree.

Furthermore, the selection process that the Plaintiffs dispute is contained in the CBA. If the selection process violated the CBA, then the Captain's Association is the only entity that can enforce it and then only by grievance and arbitration, not by filing a civil action. *See Stahulak v. City of Chicago*, 184 Ill. 2d 176, 179 (1998); *Mahoney v. City of Chicago*, 293 Ill. App. 3d 69, 73-74 (1997).

Based on the foregoing, Plaintiffs have failed to established standing to bring the present cause of action, and it is dismissed. Defendant's Motion to Dismiss is granted.

Dated: January 23, 2003

JOHN W. DARRAH
United States District Judge

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

JEFF WILSON

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 861

CITY OF CHICAGO

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiffs have failed to establish standing to bring the present cause of action, and it is dismissed. Defendant's motion to dismiss is granted.

Michael W. Dobbins, Clerk of Court

Date: 1/22/2003

Linda Garth, Deputy Clerk